# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MICHAEL LEE GORDON,

    Petitioner,

v.

J. BALTAZAR, WARDEN,
UNITED STATES PENITENTIARY,
TUCSON,

    Respondent.

CASE NO. 2:18-CV-01175
JUDGE JAMES L. GRAHAM
Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges. The Court conducts an initial review of habeas corpus petitions filed under the provision of 28 U.S.C. § 2241. 28 U.S.C. § 2243; *see Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, (6th Cir. 2011). This matter is before the Court on its own motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, applicable to § 2241 proceedings under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

## I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his underlying March 5, 1999, convictions after a jury trial in the Southern District of Ohio on seven Hobbs Act violations (18 U.S.C. § 1951) and seven counts of use of a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c). On May 20, 1999, the

Court imposed an aggregate term of 1,651 months imprisonment. *United States v. Gordon*, Case No. 2:97-cr-167 (ECF No. 189). On November 22, 2000, the United States Court of Appeals for the Sixth Circuit affirmed the Judgment of this Court. *United States v. Gordon*, 238 F.3d 425, unpublished, 2000 WL 1785905 (6th Cir. Nov. 22, 2000). On November 27, 2001, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. (ECF No. 241.) On March 6, 2002, Petitioner filed a Supplemental Motion to Vacate Sentence. (ECF No. 247.) On September 30, 2002, the Court denied the motion. (ECF No. 267.) On September 17, 2003, Petitioner filed a second Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 284.) On September 24, 2003, he filed a Supplemental Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 286.) On September 30, 2003, the Court transferred that action to the Court of Appeals as successive. (ECF No. 287.) On June 8, 2005, the Sixth Circuit denied authorization for the filing of a second or successive § 2255 motion. (ECF No. 293.) This Court subsequently has transferred various filings by the Petitioner to the United States Court of Appeals for the Sixth Circuit as constituting successive § 2255 motions. (See ECF Nos. 314, 331, 354, 365, 381, 412, 413, 504.) On September 1, 2016, the Sixth Circuit denied Petitioner authorization for the filing of a successive § 2255 motion raising a claim under *Johnson v. United States*, 135 S.Ct. 2551 (2015) (holding that the residual clause definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. 924(e)(2)(B) is unconstitutionally vague). (ECF No. 505.) On August 14, 2018, the Sixth Circuit denied Petitioner authorization for the filing of a successive § 2255 motion, in which he asserted that his convictions for Hobbs Act robbery do not qualify as crimes of violence in view of *Sessions v. Dimaya*, 138 S.Ct. 1204, 1210-11 (2018) (holding that the definition of "crime of violence" contained in 18 U.S.C. § 16(b) is unconstitutionally vague). (ECF No. 514.)

Having been foreclosed from review of his claims under 28 U.S.C. § 2255, Petitioner now pursues relief under the provision of 28 U.S.C. § 2241. He again argues that, under the Supreme Court's decisions in *Johnson* and *Dimaya*, his Hobbs Act robbery convictions do not qualify as crimes of violence under 18 U.S.C. § 924(c)(3)(B)[1] and that his § 924(c) convictions must fail as unconstitutionally vague, and therefore he is "actually innocent" of the crimes charged.

## II. ANALYSIS

A petition for a writ of habeas corpus under § 2241 must be filed in the district court having jurisdiction over the petitioner's custodian. *See Robinson v. Morrison*, 27 F. App'x 557 (6th Cir. 2001) (citing *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999)). This Court is not that jurisdiction. Petitioner is detained in Tuscon, Arizona. Therefore, this action is subject to dismissal on that basis alone.

Moreover, Petitioner's claims are not of the "rare kind" that may be properly brought in an action under § 2241. *See Trammell v. Barnhart*, No. 6:18-CV-192-CHB, 2018 WL 3732673, at *2 (E.D. Ky. Aug. 6, 2018) (citing *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Typically, a § 2241 petition may only be used to challenge actions by prison officials that affect the manner in which a prisoner's sentence is being carried out, for example, the computation of sentencing credits or determination of parole eligibility. *See Hinkson v. Gomez*, No. 18-104-DLB, 2018 WL 3489234, at *2 (E.D. Ky. July 19, 2018) (citing *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009)). When a federal prisoner wishes to challenge the legality of his conviction or sentence, he must file a motion under § 2255. *Id*. (citing *United States v. Peterman*, 249 F.3d 458,

---

[1] This claim plainly fails. "The Sixth Circuit has expressly held that entirely independent of § 924(c)(3)(B)'s residual clause, Hobbs Act robbery constitutes a 'crime of violence' under § 924(c)(3)(A)'s 'use of force' clause." *Trammell v. Barnhart*, No. 6:18-CV-192-CHB, 2018 WL 3732673, at *3 (E.D. Ky. Aug. 6, 2018) (citing *United States v. Gooch*, 850 F.3d 285, 290-92 (6th Cir. 2017); *United States v. Tibbs*, 685 F. App'x 456, 465 (6th Cir. 2017)).

3

461 (6th Cir. 2001)). "The 'savings clause' of § 2255(e) provides a narrow exception to this general rule." *Yates v. Snyder-Norris*, 164 F.Supp.3d 953, 960 (E.D. Ky. 2016). It provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Thus, a prisoner may obtain relief under § 2241, if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Coles v. United States*, 177 F.Supp.2d 710, 712 (N.D. Ohio Nov. 30, 2001) (citing *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)). But "[a] prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate." *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002) (citing *Peterman*, 249 F.3d at 461). "In other words, prisoners cannot use a habeas petition under § 2241 as yet another 'bite at the apple.' " *Hinkson*, 2018 WL 3489234, at *3 (citing *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001)). "Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is 'actually innocent' of the underlying offense by showing that, after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute." *Alcorn v. Warden, Fed. Med. Ctr. Lexington*, No. 5:18-455-JMH, 2018 WL 3676866, at *2 (E.D. Ky. Aug. 2, 2018) (citing *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *Peterman*, 249 F.3d at 461-62); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings

clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). Also, the Supreme Court's "newly announced interpretation" must be retroactively applicable to cases on collateral review. *Id.* (citing *Wooten*, 677 F.3d at 308).

> In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F.3d at 599-600.

*Orozco v. Quintana*, No. 5:16-465-KKC, 2018 WL 297584, at *2 (E.D. Ky. Jan. 4, 2018).

Petitioner does not meet these requirements here. His claims under *Johnson* or *Dimaya* must be brought under § 2255. *See Trammell v. Barnhart*, 2018 WL 3732673, at *2 (citing *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004); *McDowell v. Warden, FCC Medium Coleman*, 694 F. App'x 692, 693-94 (11th Cir. 2017)); *see also Alcorn,* 2018 WL 3676866, at *2 ("Given the availability of a remedy to assert a *Johnson* claim through a motion filed under § 2255, relief under § 2241 is unavailable.") (citing *Neuman v. Butler*, No. 6:17-CV-3-DLB, 2017 WL 3723660, at *3 (E.D. Ky. Aug. 29, 2017), *aff'd*, No. 17-6100 (6th Cir. May 21, 2018)); *Lose v. Merlak*, No. 4:16-CV-1532, 2016 WL 4079726, at *1 (N.D. Ohio Aug. 1, 2016)). Moreover, as discussed, the Sixth Circuit has already denied Petitioner authorization for the filing of a successive § 2255 action raising these issues.

**III. RECOMMENDED DISPOSITION**

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge
