IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael Lee Gordon,

Petitioner,

v. Case No. 2:18-cv-1175

J. Baltazar, Warden,
United States Penitentiary,
Tucson,

Respondent.

OPINION AND ORDER

In his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2241, petitioner alleges that his convictions on seven Hobbs Act violations under 18 U.S.C. §1951 do not qualify as crimes of violence. He contends that his convictions on seven counts of using a firearm in a crime of violence under 18 U.S.C. §924(c) are void under Johnson v. United States, 135 S.Ct. 2551 (2015)(holding that the residual clause definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. §924(e)(2)(B) is unconstitutionally vague) and Sessions v. Dimaya, 138 S.Ct. 1204, 1210-11 (2018)(holding that the definition of "crime of violence" in 18 U.S.C. §16(b) is unconstitutionally vague).

On December 3, 2018, the magistrate judge issued a report and recommendation recommending that the petition be dismissed. The magistrate judge noted that a petition under §2241 must be filed in the district court having jurisdiction over the petitioner's custodian. The magistrate judge concluded that because petitioner is confined in Tucson, Arizona, this court does not have jurisdiction over this action.

The magistrate judge further observed that the petition should be dismissed because the claim advanced by petitioner is not the type of claim which may typically be asserted under §2241. As noted by the magistrate judge, a petitioner may obtain relief under §2241 if the remedy under 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. §2255(e); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999). A petitioner's remedy under §2255 is not considered inadequate or ineffective merely because the claim is time-barred or because §2255 relief is unavailable due to the denial of leave to file a second or successive motion to vacate. Copeland v. Hemingway, 36 F. App'x 793, 795 (6th Cir. 2002). Rather, the inadequacy of a remedy under §2255 requires a showing that petitioner is actually innocent of the underlying offense because, after his conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statue under which he was convicted in a manner that establishes that his conduct did not violate the statute. Wooten v. Cauley, 677 F.3d 303, 307-8 (6th Cir. 2012). The magistrate judge concluded that petitioner's claim does not meet these requirements.

Petitioner has filed objections to the report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§636(b)(1).

In his objections, petitioner does not address the magistrate judge's conclusion that this court does not have jurisdiction over his §2241 petition because his custodian is not in this district. See Robinson v. Morrison, 27 F. App'x 557 (6th Cir. 2001)(citing In re Gregory, 181 F.3d 713, 714 (6th Cir. 1999)). The court agrees with the magistrate judge's recommendation that this case must be dismissed due to lack of jurisdiction because the respondent is not in the Southern District of Ohio.

The court further concludes that even if this court had jurisdiction under §2241 over petitioner's claim, petitioner has failed to show that he meets the requirements for proceeding under §2241. Petitioner argues that his claim falls within the actual innocence exception for §2241 review. He contends that Johnson, which was made retroactively applicable to cases on collateral review, see Welch v. United States, 136 S.Ct. 1257 (2016), and Sessions constitute new statutory interpretations applicable to his §924 convictions.

However, the Sixth Circuit has declined to authorize petitioner's request to pursue a second or successive §2255 motion based on his Johnson claim, stating that §924(c), the statute underlying petitioner's firearm convictions, was unaffected by the holding in Johnson. See Case No. 2:97-cr-167-6, Doc. 505 (Sixth Circuit Order in In re: Michael Lee Gordon, Case No. 16-3629, citing United States v. Taylor, 814 F.3d 340 (6th Cir. 2016)). The Sixth Circuit also denied petitioner's motion to pursue a second or successive petition based on Dimaya, noting that petitioner's convictions for Hobbs Act robbery qualify as crimes of violence

under §924(c)(3)(A), having "as an element the use, attempted use, or threatened use of physical force against the person or property of another." See Case No. 2:97-cr-167-6, Doc. 514 (Sixth Circuit Order in In re: Michael Lee Gordon, Case No. 18-3449, citing United States v. Gooch, 850 F.3d 285, 291-92 (6th Cir. 2017)).

Having reviewed the report and recommendation and plaintiff's objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the court denies petitioner's objections and adopts the report and recommendation (Doc. 6). This action is dismissed due to lack of jurisdiction under §2241. The court also certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal would not be in good faith and that an application to proceed in forma pauperis will be denied.

The clerk is directed to enter final judgment dismissing this case.

Date: January 2, 2019

s/James L. Graham
James L. Graham
United States District Judge